UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW BEERS,<br>    Plaintiff<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC.,<br>RYOBI TECHNOLOGIES INC. and HOME<br>DEPOT U.S.A., INC.,<br>    Defendants | CIVIL ACTION NO. 09-10010-NMG |
| JEREMIAH BERNIER,<br>    Plaintiff<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC.,<br>RYOBI TECHNOLOGIES INC. and HOME<br>DEPOT U.S.A., INC.,<br>    Defendants | CIVIL ACTION NO. 08-12083-NMG |
| SHAUN MALONEY,<br>    Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES OF NORTH<br>AMERICA, INC. AND THE HOME<br>DEPOT, INC.<br>    Defendants. | CIVIL ACTION NO. 08-11888-NMG |
| GLENN ROBERT WHITE,<br>    Plaintiff,<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC.,<br>RYOBI TECHNOLOGIES, INC., and<br>HOME DEPOT U.S.A., INC.,<br>    Defendants | CIVIL ACTION NO. 09-10011-NMG |

## ORDER REGARDING MODIFICATION OF PROTECTIVE ORDER

IT IS HEREBY ORDERED that the protective orders in the above-entitled actions are modified as follows:

1. Upon a written request to George F. Carpinello, Esq. and/or Richard J. Sullivan, Esq. ("Plaintiffs' Counsel") seeking documents produced in discovery in any of their power saw actions pending in this Court made by a plaintiff's counsel ("Requesting Counsel") in another pending power saw action in another jurisdiction which involves similar allegations of a design defect in a power saw ("Other Action"),[1] Plaintiffs' Counsel shall provide written notice ("Written Notice") to Michael S. Appel, Esq. ("Defendants' Counsel") and shall provide Defendants' Counsel with the identification of documents, by Bates Number, that Plaintiffs' Counsel intends to produce to Requesting Counsel.

2. When identifying documents they intend to produce to Requesting Counsel, Plaintiff's Counsel shall limit the intended production as follows: (a) the internal company documents of a particular Defendant may only be identified for production in connection with a pending case against the same Defendant; and (b) documents created by or for (i) the Power Tool Institute ("PTI") joint venture regarding a blade contact injury avoidance system for table saws ("Blade Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical guarding systems for tables saws ("Guarding Joint Venture"), or (iii) any other PTI committee, may only be identified for production in connection with a pending case in which a member of the particular PTI joint venture or committee is a Defendant.[2]

---

[1] Defendants, by agreeing to the term "power saw" in this order, do not waive their right to object to the production of documents if the Other Action does not involve a table saw.

[2] The parties reserve the right to seek modification of this paragraph in any particular case by making a motion, on notice, to the Court.

2

3. Plaintiffs' Counsel shall not produce any documents to Requesting Counsel without receiving an executed copy of a stipulated protective order so ordered and entered in the Other Action that is substantially in the same form as the protective order that has been entered by this Court in these power saw actions and provides the same level of protection for documents designated Confidential or Confidential-2 and provides protection for the confidential documents that will be produced by Plaintiffs' Counsel to Requesting Counsel. A copy of such protective order shall be provided to Defendants' Counsel at the same time as the Written Notice.

4. After reviewing the Written Notice, Plaintiffs' Counsel's designation of documents that they intend to produce, and the executed stipulation and protective order entered in the Other Action, Defendants' Counsel shall have 30 days to file a motion objecting to any such disclosure. No production of documents shall be made by Plaintiffs' Counsel to Requesting Counsel until the expiration of this 30-day period and, if such a motion is made by Defendants' Counsel, until further order of this Court.

**SO ORDERED:**

Dated: June 3, 2010

_____
Magistrate Judge Leo T. Sorokin

424435