UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SAWSTOP CASES                                  )
                                                       )     CIVIL ACTION N0S.
BERNIER v. ONE WORLD TECHNOLOGIES INC.                 )     08-cv-12083-NMG
MALONEY v. TECHTRONIC INDUSTRIES CO                    )     08-cv-11888-NMG
WHITE v. ONE WORLD TECHNOLOGIES INC. ET AL             )     09-cv-10011-NMG

ORDER ON MOTION TO COMPEL

June 11, 2010

SOROKIN, M.J.

The Defendants have moved to compel the production of cartridges containing electronic data regarding "finger saves" by saws equipped with Dr. Gass' SawStop technology. In an electronic order issued April 22, 2010, the Court rejected the Plaintiffs' and Dr. Gass' contention that the cartridges were not within Dr. Gass' possession, custody or control and thus they could not provide the cartridges to the Defendants. The approximately 600 plus cartridges are akin to a "black box," in that they contain a record of the electrical signals received by the SawStop equipment installed on power saws in actual use when the SawStop mechanism engaged to stop a spinning blade. The cartridges have been collected over a number of years as customers submitted them along with "finger save" or accident reports. The Court directed the Parties to negotiate a protective order to govern the disclosure of the cartridges and to submit such proposed order(s) to the Court for review.

The Defendants propose disclosure, pursuant to the existing protective order, to defense

1

counsel and to the Defendants' expert, Peter Domeny. Mr. Domeny formerly worked for one of the Defendants, a position from which he retired, and presently serves as both chairman of the Joint Venture and as an expert witness for the Defendants in products liability matters. In contrast, the Plaintiffs propose disclosure to a court-appointed expert to be agreed upon by the Parties. Under the Plaintiffs' proposal, Dr. Gass would provide to this expert unfettered access to the cartridges. The expert, however, would report only whether or not he or she agreed with the determination that the data confirms the "finger save" reports of SawStop customers.

The Plaintiffs' proposal is inadequate under the circumstances. Dr. Gass and the Plaintiffs concede that Dr. Gass relied upon the cartridge data in forming his expert opinions. See Docket # 93 at 4 in Civil Action No. 06-10725-NMG. Moreover, based upon its review of the submissions, the Court determines that the cartridge data constitutes "data or other information considered by the witness in forming [his expert opinions]." Fed. R. Civ. P. 26(a)(C)(2)(B)(ii). For example, Dr. Gass testified as follows:

> Q: Does that [i.e., the cartridge data] inform your opinion in any one of these accidents involving your customers as to what the approach velocity was at the time their hand contacted the blade?
>
> A: In general, the principal thing that informs my opinion about the approach velocity is the resultant injury.
>
> Docket # 53-1 at 9 (page 67 of the transcript))

At a recent trial, he stated the following:

> Q: Did you – is one of the bases for your opinion cartridges you received back from customers, spent cartridges?

2

> A:   That's not a primary basis, but it is part of what leads me to an understanding of what happens in these kinds of accidents.

Docket# 34-4 at 3 (Osorio v. One World, 06-cv10725, Excerpt from Transcript of Jury Trial, Day 3, held on February, 24, 2010).

In Dr. Gass' most recent affidavit, he states that "[t]he fact is that I do not rely on the cartridge data to support the opinions about which I have been asked to testify. The only relevance of the cartridge data is to see whether the cartridge data is consistent with finger save reports." Docket #53-2 at 1-2. Yet, in an earlier affidavit, he explained that the cartridge data "was consistent with human contact with the blade" in 97.6 percent of the cases of reports by customers of human contact. As a result, he stated "[g]iven that the cartridge data nearly universally proves the veracity of the users' reported accidents, the accident reports [also called "finger save" reports] stand alone and the confirmation of the existence of an accident provided by the cartridge data is redundant." Docket # 40-2 at 6. There is no doubt that Dr. Gass relied upon the accident or "finger save" reports in forming his opinions. In these circumstances, the Court determines that the data on the cartridges constitutes information considered by the witness in forming his opinions.

The Court rejects the Plaintiffs' argument that because Dr. Gass considered the data for only one purpose – confirmation of the veracity of the accident reports – that fact therefore limits the Defendants' use of the data to that one purpose. The Defendants are entitled to review the data and use it, within the litigation, for any permissible litigation purpose. Nonetheless, the Court also finds the Defendants' proposal unsatisfactory. The cartridge data collected by Dr.

Gass and his company over many years is a valuable and unique asset that cannot be easily replicated. In addition, Mr. Domeny has a long and ongoing history of employment by, and association with, the Defendants and the Joint Venture. In these circumstances, a "standard" protective order provision limiting use of the information to this case is insufficient. Accordingly, the Court Orders as follows:

    1. The Defendants shall designate one or more expert(s) of their choosing to review the cartridges and provide the appropriate information to the Plaintiffs regarding these expert(s);

    2. Only the defense expert(s), along with defense counsel in this action and those employees of defense counsel (*e.g.*, stenographic, clerical or paralegal employees) whose functions require access to the cartridges or cartridge information shall have access to the cartridge or cartridge information and then solely for use in this action. In addition, the Court, Court employees, court reporters and stenographers may access the information in the course of their duties. The expert(s), defense counsel or defense counsel employees (or stenographers, etc.) may not share the cartridges or cartridge data with any other persons except the Plaintiffs, Plaintiffs' counsel, Dr. Gass and (in a sealed filing) the Court.

    3. Each defense expert reviewing the cartridges and cartridge data must further agree that the expert will not assist in the development of SawStop type technology for power saws or any similar saw braking technology for any person or company.

    4. The Parties shall propose a modification to the Protective Order in conformity with the foregoing within ten days of the docketing of this Order.

5.  Upon the approval of the modified Protective Order by the Court and the execution of the same by the defense expert(s) and defense counsel, the Plaintiffs shall then provide access to the cartridges and the data contained therein.

Accordingly, the pending Motions to Compel are ALLOWED IN PART AND DENIED IN PART.  The Motions are (a) <u>Bernier</u>, 08cv12083, Docket #38; (b) <u>Maloney</u>, 08cv11888, Docket #37; and (c) <u>White</u>, 09cv10011, Docket # 34.

                                        SO ORDERED.

                                         /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States Magistrate Judge