```
                  United States District Court
                    District of Massachusetts
_____
                              )
JEREMIAH BERNIER,             )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   08-12083-NMG
ONE WORLD TECHNOLOGIES, INC., )
RYOBI TECHNOLOGIES INC. and HOME )
DEPOT U.S.A., INC.,           )
        Defendants.           )
_____)
SHAUN MALONEY,                )
        Plaintiff,            )
                              )
        v.                    )
                              )   Civil Action No.
TECHTRONIC INDUSTRIES OF NORTH )  08-11888-NMG
AMERICA, INC. and HOME DEPOT  )
U.S.A., INC.,                 )
        Defendants.           )
_____)
GLENN ROBERT WHITE,           )
        Plaintiff,            )
                              )
        v.                    )
                              )   Civil Action No.
ONE WORLD TECHNOLOGIES, INC., )   09-10011-NMG
RYOBI TECHNOLOGIES INC. and HOME )
DEPOT U.S.A., INC.,           )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Jeremiah Bernier, Shaun Maloney and Glenn Robert White have brought suit against One World Technologies, Inc. ("One World"), Ryobi Technologies, Inc. ("Ryobi"), Techtronic

-1-

Industries of North America, Inc. ("Techtronic") and Home Depot U.S.A., Inc. ("Home Depot"), alleging negligence and breach of the implied warranty of merchantability.

## I.  Factual Background

The three cases arise out of injuries sustained by Bernier, Maloney and White while they were using a Ridgid 10-inch table saw, Model Number TS2400-1 ("the Ridgid Saw"), and a Ryobi BTS 10 table saw (collectively "the Subject Saws").  The Plaintiffs allege that 1) One World and Ryobi designed and manufactured the Subject Saws and sold them to Home Depot, which then re-sold them to Maloney's wife, Bernier's father and White's employer, 2) Home Depot is the exclusive retailer of the Ryobi brand saws and 3) Ridgid is Home Depot's "house brand".  Maloney also brings suit against Techtronic, alleging that it licenses, manufactures and markets Ryobi's products for the North American market.

The Plaintiffs claim that Home Depot was negligent for having sold defective saws and for failing to warn potential users of the defects adequately.  The Plaintiffs maintain that the Subject Saws were defective because they did not incorporate a flesh-detection technology called SawStop whereby the blade is stopped almost immediately when flesh touches it.  Bernier also asserts that the Ridgid 10-inch table saw should have incorporated an independent riving knife that reduces kickbacks.

A kickback, which is what precipitated the injury in the Bernier case, happens when the saw blade is pinched by the wood as it is being cut, causing the wood to jerk back at a high speed and the user's hands to make contact with the saw blade.  Finally, White contends that the blade guard on the Ryobi BTS 10 table saw was defective.

## II. Procedural History

Bernier filed his complaint on December 16, 2008 and the case was subsequently consolidated with the Maloney (08-cv-11888) and White (09-cv-10011) cases.  The case was assigned to Magistrate Judge Leo T. Sorokin for discovery issues.

On July 14, 2010, Magistrate Judge Sorokin issued a modified protective order which compelled the Plaintiffs to produce brake cartridge data maintained by SawStop LLC.  Pursuant to Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the Plaintiffs filed an objection to the July 14, 2010 order and moved to stay the order compelling production of the brake cartridge data.  In response, the Defendants moved to exclude the testimony of expert witness Dr. Stephen Gass, who is the inventor of SawStop, because of the Plaintiff's failure to comply with the Magistrate Judge's order.

Home Depot concurrently moves for partial summary judgment with respect to the Plaintiffs' negligence claims.

## III. Analysis

### A. Home Depot's Motion for Partial Summary Judgment

#### 1. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most hospitable to the non-moving

party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

### 2.  Application

The Plaintiffs in Osorio v. One World Techs., Inc., a case that was tried to a jury in this session of the Court in February, 2010, brought the same allegations of negligence against Home Depot as the Plaintiffs allege in the present case. No. 06-cv-10725 (D. Mass.).  Pursuant to Home Depot's motion on the fifth day of the Osorio jury trial, this Court held, as a matter of law, that, because it was a retailer and not a manufacturer of the saw at issue, Home Depot did not have a duty to forewarn any potential user about the lack of SawStop on the saw.  That holding was based on the general rule that a retailer cannot be held liable for negligence for latent defects in a manufactured product.  See Mello v. K-Mart Corp., 604 F. Supp. 769, 773 (D. Mass. 1985).

In the case at bar, that same principle of law applies. Home Depot is a retailer of the Subject Saws and there is no evidence that Home Depot participated in any manner in their design or manufacture.  The Plaintiffs allege that the

distinction between Bernier's case and <u>Osorio</u> is that Ridgid was a Home Depot "store brand." That contention is based on the deposition testimony of a store employee that, at some unspecified time, "Ridgid" had been a Home Depot "store brand".

The distinction is significant if proven because Massachusetts courts have adopted the "apparent manufacturer doctrine" set forth in the <u>Restatement (Second) of Torts</u> § 400 (1965). Under that doctrine, "[o]ne who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." <u>Fahey</u> v. <u>Rockwell Graphic Sys., Inc.</u>, 482 N.E. 2d 519, 650 (Mass. App. Ct. 1985)(quoting the <u>Restatement (Second) of Torts</u> § 400). The rationale behind imposing such liability is that

> when a seller causes the public to believe that it is
> the manufacturer of the product (through labeling,
> advertising, et cetera), a consumer will rely on that
> company's reputation and care in making products. As
> such, the selling company should be estopped from
> disclaiming any liability simply because it did not
> actually manufacture the product.

<u>Stones</u> v. <u>Sears, Roebuck & Co.</u>, 558 N.W. 2d 540, 544 (Neb. 1997).

For that doctrine to apply, however, there must be evidence that the labeling or advertisements of the chattel are "likely to cause a consumer to rely on the retailer's reputation as an assurance of the product's quality". <u>Mello</u>, 604 F. Supp. at 773. In <u>Mello</u> v. <u>K-Mark Corp.</u>, the plaintiffs presented photographs showing that the defendant's name, "K-Mart", appeared on the

product and its packaging.  Id.  This Court held that such evidence was sufficient to raise a genuine issue of material fact with respect to whether the apparent manufacturer doctrine applied.  See id.

Here, the Plaintiffs have neither alleged nor produced any evidence that Home Depot's name was on the Ridgid Saw or its packaging or that Bernier's father or any other customers believed that Home Depot manufactured the product.  Thus, even viewing the record in his favor, Bernier has not satisfied his burden of producing evidence of a genuine issue of material fact as to whether the Ridgid Saw's packaging was "likely to cause a consumer to rely on [Home Depot's] reputation as an assurance of the product's quality".  Id.

As a matter of law, therefore, the apparent manufacturer doctrine does not apply.  Under the general rule, as a retailer but not a manufacturer of the Subject Saws, Home Depot cannot be held liable for any negligent design or manufacture of the saws.  For this reason, Home Depot's motion for partial summary judgment will be allowed.

### B. Plaintiffs' Objection to the Magistrate Judge's Order Regarding Modification of the Protective Order

The modified protective order entered on July 14, 2010 mandates extensive procedures that the Defendants must observe in order to limit exposure to the trade secrets of Dr. Stephen Gass and his company SawStop LLC.  The Plaintiffs maintain that the

order is inadequate to protect those trade secrets from Dr. Gass's direct competitors, among which are the Defendants in the instant action.

In April, 2010, the Defendants moved to compel the production of data that SawStop compiles from table saw accidents in which the SawStop flesh-detection technology prevented injury. The Plaintiffs' moved for a protective order that would require the appointment of a neutral expert to review the cartridge data and for Dr. Gass to be available to explain how to read such data which was not to leave the possession of SawStop LLC. The Plaintiffs assert that the data is only relevant to the issue of the effectiveness of the SawStop technology which can be confirmed or rejected by a single expert.

The Defendants proposed an alternative protective order which the Magistrate Judge adopted with a few modifications. In essence, it provides that only defense counsel and their employees, together with approved experts will have access to the data. The Plaintiffs will have ten days to object to the experts proposed by the Defendants and the Court will make a final decision on the choice. The appointed expert(s) will execute a declaration that he or she will access the data only for use in these actions (or any other action in which Dr. Gass has been identified as a witness) and will not assist in the development of any SawStop technology.

Inspection by experts will occur only at the offices of SawStop or the Plaintiffs' counsel. A list will be maintained of each person accessing the data and all such persons will be bound in writing by the protective order. All pleadings that concern the brake cartridge data shall be filed under seal with the Court and all copies of brake cartridge data shall be systematically destroyed after the litigation.

The Plaintiffs object to the order of the Magistrate Judge. Specifically, they protest that "no restrictions concerning note-taking or other potential efforts to memorialize the data verbatim were placed on those accessing the data." The Plaintiffs also object that the order does not distinguish between the Defendants' in-house and retained counsel.

### 1. Standard of Review

In order to modify a Magistrate Judge's finding, the District Judge must find that the order was clearly erroneous or contrary to law. See Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

### 2. Application

The Court finds that Magistrate Judge Sorokin's order is not clearly erroneous or contrary to law. The order provides sufficient safeguards to protect valuable trade secrets while allowing the Defendants' counsel an opportunity to review the

brake cartridge data in order to prepare for depositions and trial. The Court finds no reason to distinguish between the Defendants' in-house and retained counsel. Presumably, they are working as a team and it would unnecessarily complicate matters to segregate them.

To address the Plaintiffs' concern about note-taking, the Court will clarify Paragraph 8 of the Magistrate Judge's July 14, 2010 order which requires the destruction of all brake cartridge data one year after the conclusion of all power saw litigation in which defense counsel or an approved expert are involved. In addition to the destruction of all brake cartridge data, defense counsel and the approved experts shall also destroy all notes generated in connection with their access to the data. In the interim, all such notes shall be kept confidential pursuant to Paragraph 6 of said order.

With respect to all other objections to the Magistrate Judge's July 14, 2010 order, they will be overruled.

    **C.   Defendants' Motion to Exclude Dr. Stephen Gass as an Expert Witness**

Given that the Plaintiffs filed an objection to the Magistrate Judge's modified protective order, it is understandable that they have not yet complied with that order. Sanctions are, therefore, unwarranted at this juncture. Defendants' motion to exclude Dr. Stephen Gass as an expert

witness will be denied without prejudice. If, however, the Plaintiffs should fail to comply with the order compelling production of the brake cartridge data, as confirmed by this Court, a renewed motion to exclude or limit Dr. Gass's testimony will be considered.

**ORDER**

In accordance with the foregoing,

1) Home Depot's motion for partial summary judgment (Docket No. 44 in Civil Action 08-12083) is **ALLOWED**,

2) Plaintiffs' objection to the Magistrate Judge's July 14, 2010 order is overruled and the modified protective order remains in effect, provided however that, the destruction provision in Paragraph 8 and the confidentiality provision in Paragraph 6 are amended to apply to any notes generated by defense counsel and approved experts with respect to their access to the brake cartridge data,

3) Plaintiffs' motion to stay the order compelling production of the brake cartridge data (Docket No. 69) is **DENIED** and

4) Defendants' motion to exclude Dr. Stephen Gass as an expert witness (Docket No. 65) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 29, 2010