UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: SAWSTOP CASES | ) | |
| | ) | CIVIL ACTION N0S. |
| BERNIER v. ONE WORLD TECHNOLOGIES INC. | ) | 08-cv-12083-NMG |
| MALONEY v. TECHTRONIC INDUSTRIES CO | ) | 08-cv-11888-NMG |
| WHITE v. ONE WORLD TECHNOLOGIES INC. ET AL | ) | 09-cv-10011-NMG |
| BEERS v. ONE WORLD TECHNOLOGIES, INC. | } | 09-cv-10010-NMG |

## ORDER REGARDING DISCOVERY REGARDING DR. GASS AND HIS COMPANY

June 14, 2011

SOROKIN, M.J.

The parties, and non-party Bosch, dispute whether, at all, and especially at this point in the litigation, Plaintiffs may seek discovery from Plaintiff's expert, Dr. Steven Gass and/or Gass's company regarding whether Gass or the company are negotiating with Bosch, or any of the other saw manufacturers, to license Gass' flesh detection technology. Plaintiffs contend that this discovery is relevant in that the fact of the negotiations with Gass (assuming for the sake of the motion that at least one or more of the companies are engaged in such negotiations) tends to support Plaintiffs' claim that implementation of Gass' flesh detection technology was feasible several years or more ago. Defendants and Bosch oppose.

The request for this discovery is denied. First, the discovery sought is more in the nature of fact discovery regarding feasibility than expert discovery. The time period for fact discovery has passed. While Plaintiffs point out, correctly, that both any such negotiations that have occurred and Plaintiffs' first awareness of any such negotiations occurred after the close of fact discovery, nonetheless, the time period for discovery in these cases has passed and good cause does not exist to reopen fact discovery. Second, the mere fact of negotiations is insufficiently

general, especially at this stage of the case, to satisfy the standard for reopening discovery. Third, on the record before the Court, the connection between the negotiations now and the feasibility issue at the time of manufacture is too attenuated to warrant reopening discovery.

Accordingly, the Court hereby:

1. In <u>Maloney,</u> Civil Action No. 08cv11888-NMG, DENIES the Motion to Compel (#102) and ALLOWS the Motions for Protective Orders (#95 & 97);

2. In <u>Bernier,</u> Civil Action No. 08cv12083-NMG, DENIES the Motion to Compel (#104) and ALLOWS the Motions for Protective Orders (#97 & 99);

3. In <u>White,</u> Civil Action No. 09cv10011-NMG, DENIES the Motion to Comepl (#99) and ALLOWS the Motions for Protective Orders (#92 & 94);

4. In <u>Beers,</u> Civil Action No. 09cv10010-NMG, DENIES the Motion to Compel (#74) and ALLOWS the Motions for Protective Orders (#66 & 68).

                                        SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States Magistrate Judge